Danny Ray Reeves was separately indicted for the murder of Sandra Warren and for the first degree assault of Lisa Wilson. The cases were consolidated for trial and a jury convicted him of manslaughter and assault in the second degree. The sentences were twenty years' and ten years' imprisonment to run concurrently. Three issues are presented on appeal.
 I
On the night of the 22nd of April, 1983, the car driven by the intoxicated defendant collided with the car driven by Ms. Warren and in which Ms. Wilson was a passenger. The indictments for murder and assault are both based on this one collision.
In Alabama, the well-settled rule is that a single act resulting in death or injury to multiple victims constitutes a single criminal offense. Hampton v. State, 455 So.2d 149
(Ala.Cr.App. 1984). As this Court noted in Hampton, we have no authority to overrule our Supreme Court. 455 So.2d at 152.
In Windham v. State, 41 Ala. App. 280, 129 So.2d 338 (1961), the accused was involved in an automobile collision in which more than one person was killed. Even though multiple victims are involved, there is only one crime. Consequently, we reverse and render the judgment of the circuit court with regard to the conviction of assault in the second degree. See also Free v.State, 455 So.2d 137, 148-49 (Ala.Cr.App. 1984).
 II
The defendant contends that the trial judge erred in quashing his subpoena duces tecum. This subpoena was directed to the Walker County Chapter of Mothers Against Drunk Drivers (MADD) and sought to compel that organization to produce the names of all its Walker County members. The defendant maintains that this was essential to enable him to strike an impartial jury. *Page 1376 
"In Alabama a subpoena duces tecum addressed to persons not a party to the action is authorized by . . . Alabama Code Section12-21-2 (1975). This section looks to the production of books and documents for use as evidence on the trial of a case. It excludes the notion that it also embraces discovery as one of its purposes." Williams v. State, 383 So.2d 547, 559
(Ala.Cr.App. 1979), affirmed, Ex parte Williams, 383 So.2d 564
(Ala.), cert. denied, Williams v. Alabama, 449 U.S. 995,101 S.Ct. 534, 66 L.Ed.2d 293 (1980).
Defense counsel could have questioned the venire on voir dire concerning any connection with MADD or its members. The purpose of the voir dire examination is to discover any matter that might tend to affect a juror's verdict and to afford the parties information relating to the qualifications of the venire persons so that peremptory challenges may be intelligently made. The record does not reflect the voir dire examination of the jury. We find no error in the quashing of the subpoena.
 III
Over objection, Sumiton Police Officer Virgil Morgan was permitted to testify that, on May 9, 1982, he stopped the defendant after observing the defendant's car "running off the right shoulder of the road several times, crossing the center lane several times." He stated that the defendant was intoxicated.
As this Court held in Palmer v. State, 401 So.2d 266, 268-70
(Ala.Cr.App.), cert. denied, Ex parte Palmer, 401 So.2d 270
(Ala. 1981), cert. denied, Palmer v. Alabama, 455 U.S. 922,102 S.Ct. 1280, 71 L.Ed.2d 463 (1982), evidence of recent incidents of driving while intoxicated may be admissible to prove the intent of the accused or to show his reckless indifference to the probable consequences of his acts. Here, the prior incident of driving while intoxicated occurred less than one year prior to the charged offense. That prior occurrence was relevant to prove the defendant's intent and to show the recklessness of his conduct. See Alabama Code 1975, § 13A-2-2 (3), defining "recklessly". Officer Morgan's testimony was proper.
The judgment of the circuit court is affirmed as to the defendant's conviction for manslaughter.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
All Judges concur.
 *Page 100