TAYLOR, Judge.
The appellant, John W. Washington, was indicted in a two-count indictment for the *643 murder of Sally C. Miller and Timipka Miller. He was convicted of the lesser included offense of criminally negligent homicide, with the maximum possible punishment being imposed, one year’s incarceration and a $2,000 fine. The deaths occurred in a horrible traffic accident.
On May 29, 1983, the Sunday of Memorial Day weekend, Mr. Willie Booker was driving down Kelly Spring Road in Madison County. The two victims, Sally C. Miller and her granddaughter, five-week-old Ti-mipka Miller, were passengers in his car. As they approached a bridge just past David Douglas Road, his car was rammed from behind by the appellant’s car. Mr. Booker’s car was pushed into the bridge and also into a nearby parked car owned by Mr. Wendell Birdsong. Mr. Booker was thrown from his car, which had burst into flames. The flames spread, burning Mr. Birdsong, who was fishing from the banks, and his car. Ms. Miller and her granddaughter were burned to death inside Mr. Booker’s car. The appellant, as he states in his brief, “sustained a blow to his head sufficient to raise a bump, [knock] his teeth loose, and [cause] his mouth to bleed.” The appellant registered .20 percent on a breath test for alcohol.
Both the State and the appellant presented testimony of expert witnesses regarding accident reconstruction. Both testified that there were no skidmarks prior to the point of impact, but 244 feet of skidmarks after the impact. The State also presented the testimony of two individuals who were nearly hit head-on by a green Cadillac identical to the appellant’s. The incident involving these witnesses occurred just before the time of the fatal accident, and about a mile away. In addition to presenting the testimony of expert witnesses, the appellant presented testimony about his good character via 92 character witnesses.
The appellant raises four issues in his appeal, only one of which has any merit. The State presented the testimony of Martin Evans, former Limestone County Sheriff. He testified that at about 5:20 p.m., (about ten minutes prior to the accident) he was driving on Nick Davis Road in Limestone County. In his rear view mirror, he saw a 1975-1977 white over green Cadillac running off both the left and right sides of the road. He testified that he pulled off the road and let the Cadillac pass. He then “took off to try to get his tag number. About the time I got the number then the car accelerated and took off at a high rate of speed.” Mr. Evans stated that he was driving about 75-80 m.p.h. and was not able to keep up with the Cadillac. He also testified that over a distance of about a mile and a half, the Cadillac was constantly running off both sides of the road and also ran through several stop signals. Mr. Evans positively identified the appellant’s car as the Cadillac that ran him off the road, and testified that the driver was a large black male. The appellant is a very large black male, and admitted to driving on Nick Davis Road.
In his brief and at the trial, the appellant asserts that because Mr. Evans’s observations occurred about 14 miles from the scene of the accident, his testimony was too remote to be admissible. It is well settled that the admission of such testimony is a matter for the trial court’s discretion:
“Admission of evidence as to the speed or manner of operation of an automobile prior to the time of an accident is a matter for the trial court’s discretion. [Citations omitted.] This discretion should be exercised in light of the facts of the case and the probative value of the contested evidence as opposed to its prejudicial effect.
“As stated in the leading treatise on the law of evidence in Alabama:
‘The courts of this state adhere rather uniformly to the rule that the admissibility of evidence regarding the speed of a motor vehicle before reaching the scene of the accident depends upon the facts of each case and must be left to the sound discretion of the trial court. This discretion, of course, is not without direction. The job for the trial court is to look at the speed or con *644 duct prior to the accident and to determine if there is a high probability that it continued up until the accident. The issue is whether the prior moment of speeding is too remote to permit an inference that substantially the same rate of speed was probably maintained up to the time of the accident in question.... ’
“C. Gamble, McElroy’s Alabama Evidence 3d ed. 1977), § 45.04 (citations omitted; emphasis added).
“It is clear that a ruling on admissibility of evidence regarding pre-accident speed requires consideration of the particular facts of the case and should be determined within the sound discretion of the trial court....”
Ex parte Houston County, 435 So.2d 1268, 1270 (Ala.1983).
Time and distance, therefore, are not the sole criteria that determine whether testimony is admissible. This principle is clearly stated as follows: “[WJhether time and distance render evidence of speed prior to the occurrence of an accident too remote depends upon the circumstances, the competency of such evidence being determinable by ‘causal connection’ or contact with the accident, rather than by specific distance or time.” P. Kelly, Blashfield’s Automobile Law and Practice. § 425.2 (Rev.3d ed. 1977).
In reviewing the particular facts in this ease, we believe that there was a causal connection; there was a high probability that the appellant’s unsafe driving continued up until the accident. Although Mr. Evans’ observation occurred 14 miles away, it was only 10 minutes before the accident occurred. That alone evidences a high rate of speed. He failed to stop at several stop signs, and, as testified to by other witnesses, he nearly ran them off the road at a distance of only about a mile from the accident. Furthermore, there is no doubt that the car observed speeding and being driven recklessly was the appellant’s, for even the appellant admits to driving along the route where the observations occurred, and at the time of the observations. We, therefore, cannot say that the trial judge abused his discretion in allowing Mr. Evans’s testimony as to the appellant’s speed and driving behavior 14 miles from, and 10 minutes before, the accident.
AFFIRMED.
All the Judges concur.