Steven Dale Crauswell was convicted of criminally negligent homicide and was sentenced to ten years' imprisonment (split with two and one-half years to serve in prison and three years' probation) as a habitual offender. He raises four issues on this appeal from that conviction.
 I.
We adamantly reject the appellant's argument that the evidence is insufficient to support his conviction. With regard to this alcohol-related vehicular homicide, the appellant argues that "there was no evidence presented which would show that the Appellant was driving at a reckless or excessive speed . . ., there was no evidence that the Appellant's driving was improper or incorrect in any manner, there was no evidence presented which could establish that the Appellant did not have the signal, and there was absolutely no evidence presented which suggested that the accident could have been avoided by the Appellant." Appellant's brief at 18. Contrary to the appellant's allegation that there was no evidence of any of these facts, the record shows that conflicting evidence was presented on each of these facts. The questions of whether the appellant was speeding, whether he was driving under the *Page 13 
influence of alcohol, whether he ran a yellow light or a red light, and whether the accident was avoidable were all questions of disputed fact for the jury's consideration.
The victim was 67-year-old Verna Garner. The accident occurred at approximately 1:00 on the afternoon of Sunday, June 30, 1991, at the intersection of the Decatur Highway and Central Avenue in Fultondale, Alabama. The evidence is undisputed that the appellant had been drinking alcohol, that he entered the intersection at least against a yellow caution traffic light, and that his automobile crashed into the driver's door of Mrs. Garner's automobile. There is some evidence from which the jury could have concluded that Mrs. Garner proceeded prematurely into that intersection. However, there is also both ample and credible evidence that the appellant was speeding and exceeding the speed limit by ten miles per hour; that he was intoxicated and driving under the influence of alcohol and Valium; that approximately one hour after the collision, the appellant's blood-alcohol level was .146%; that he was driving even though his driver's license had been suspended; that he did, in fact, run a red light; that he made no attempt to stop and took no evasive action; and that he had a history of erratic driving while under the influence of alcohol and narcotics.
The indictment charged the appellant with reckless murder in violation of Ala. Code 1975, § 13A-6-2(a)(2). A jury convicted him of the lesser included offense of criminally negligent homicide. "A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence." Ala. Code 1975, § 13A-6-4(a). "A person acts with criminal negligence with respect to a result or to a circumstance which is defined by statute as an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." Ala. Code 1975, § 13A-2-2(4). Contributory negligence is not a defense to a prosecution for criminally negligent homicide. Russo v.State, 610 So.2d 1206 (Ala.Cr.App. 1992).
"[I]n reviewing the sufficiency of the evidence, we must view the circumstantial evidence in the light most favorable to the prosecution to determine whether the jury might reasonably have found that the evidence excluded every reasonable hypothesis except guilt." Ex parte Bailey, 590 So.2d 354, 357 (Ala. 1991). "A verdict on conflicting evidence is conclusive on appeal.Roberson v. State, 162 Ala. 30, 50 So. 345 (1909). '[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense.' Fuller v. State, 269 Ala. 312,333, 113 So.2d 153 (1959), cert. denied, Fuller v. Alabama,361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960)." Granger v.State, 473 So.2d 1137, 1139 (Ala.Cr.App. 1985).
Clearly, the question of the appellant's guilt or innocence was properly submitted to the jury. The evidence is amply sufficient to support the appellant's conviction for criminally negligent homicide. See Black v. State, 586 So.2d 968, 969-70
(Ala.Cr.App.) (evidence of intoxication and running stop sign), cert. denied, 586 So.2d 970 (Ala. 1991); Pollard v. State,549 So.2d 593, 597 (Ala.Cr.App. 1989) (evidence of intoxication and speeding); Humphries v. State, 346 So.2d 45, 50 (Ala.Cr.App. 1977) (intoxicated defendant approached "intersection at a high rate of speed without stopping"). See also Broxton v. State,27 Ala. App. 298, 300, 171 So. 390, 392 (1936) (in affirming a conviction for involuntary manslaughter the court stated: "While the evidence in this case shows without dispute that at the time of the accident the defendant was driving his automobile at a legal rate of speed and on the right-hand side of the road, it was up to the jury to say, from the attendant facts and circumstances, whether at the time the defendant was under the influence of intoxicating liquor, and, if so, did such fact render him oblivious to the peril of Walden, who was crossing the road ahead of him in plain view of the defendant and obviously ignorant of the peril in which he was placing himself"). *Page 14 
 II.
On cross-examination of Fultondale police officer Louis Snow, defense counsel elicited the officer's testimony that he estimated that the appellant was traveling "[a]pproximately 60 miles per hour" at the point of impact. R. 76. Defense counsel then attempted to impeach the officer on this estimate and in doing so specifically elicited the officer's testimony that his estimate was based on "[d]amage and so forth, what the witnesses said, and stuff like that." R. 80.
On redirect examination, the State was properly permitted to elicit the officer's testimony that the witnesses to the collision told him that the appellant "appeared to be speeding," and that "[t]hey said it looked like he was speeding." R. 81-82. The trial court properly found that the appellant had "opened the door" for such testimony.
The State, on redirect examination, may question a witness with regard to matters brought out by the defendant on cross-examination. Jones v. State, 22 Ala. App. 141, 142,113 So. 478 (1927).
 "The purpose of redirect examination is 'to answer any matters brought out on the cross-examination of the witness by [the] adversary.' . . . '"A party who has brought out evidence on a certain subject has no valid complaint as to the trial court's action in allowing his opponent or adversary to introduce evidence on the same subject."'. . . 'Whenever defense counsel injects an issue into a case during cross-examination, the State may, within the discretion of the trial judge, question the witness as to that matter.'"
Sistrunk v. State, 596 So.2d 644, 647 (Ala.Cr.App. 1992). See also Leonard v. State, 551 So.2d 1143, 1145 (Ala.Cr.App. 1989);Campbell v. State, 508 So.2d 1186, 1189 (Ala.Cr.App. 1986). "This is but common fairness and an application of the rule permitting the admission of evidence by reason of the admission of similar evidence of the adverse party." White v. State,344 So.2d 1270, 1273 (Ala.Cr.App. 1977).
 III.
The State introduced testimony of the appellant's history for driving while under the influence of alcohol and controlled substances. Over the objection of defense counsel, the State was permitted to introduce the following evidence: 1) On March 17, 1989, the appellant was driving erratically and was arrested for driving under the influence of a marijuana. 2) On April 1, 1989, the appellant was traveling 62 mph in a 40 mph zone, was "weaving," and was arrested for speeding and for the unlawful possession of a controlled substance. There was testimony that on this occasion the appellant was under the influence of "some kind of narcotics." R. 153. 3) On January 14, 1984, when the appellant was seventeen years old, he was "weaving" and intoxicated, and he was arrested for driving under the influence of alcohol.
These prior incidents were relevant and admissible in this case because they demonstrated a relatively recent and consistent pattern of reckless disregard for the probable consequences of his actions and the safety of others. The trial court verbalized this in sentencing the appellant:
 "Your history indicates a total disregard for other people and even yourself when it came to driving a vehicle and being intoxicated either on drugs or alcohol. This was not an isolated incident of this type behavior. You have a very long history even at your early age, young age, of this type of behavior. Unfortunately this time it ended up in the death of another human being.
 "You, of course, were also on probation at the time this took place. The other case was very similar to the conduct that was involved in this case." R. 273-74.
The appellant was 25 years old at the time of the charged homicide.
In a prosecution for vehicular homicide, evidence of the defendant's prior history regarding drugs, alcohol, and driving may be admissible in order to prove that the defendant had been drinking or using drugs prior to the accident, the defendant's intent, or the defendant's reckless indifference to the probable consequences of his acts, regardless of whether the prior arrests resulted in convictions. See Smoot v. State,520 So.2d 182, 184-85 (Ala.Cr.App. 1987); Holifield *Page 15 v. State, 520 So.2d 240, 243-44 (Ala.Cr.App. 1987); Klingel v.State, 518 So.2d 853, 855-56 (Ala.Cr.App. 1987); Patterson v.State, 518 So.2d 809, 813-14 (Ala.Cr.App. 1987); Brown v.State, 492 So.2d 661, 663-64 (Ala.Cr.App. 1986); Reeves v.State, 470 So.2d 1374, 1376 (Ala.Cr.App. 1985); Palmer v.State, 401 So.2d 266, 268-70 (Ala.Cr.App.), cert. denied,401 So.2d 270 (Ala. 1981), cert. denied, 455 U.S. 922,102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); McGhee v. State, 333 So.2d 865,868-69 (Ala.Cr.App. 1976) (admission constituted error where prior DUI convictions were 10 years old).
The appellant argues that the evidence concerning the 1984 incident was inadmissible because that conviction occurred when he was 17 years old and was not represented by legal counsel and because the State failed to show that the appellant was not treated as a youthful offender.
We recognize and adhere to the principles that Alabama's Youthful Offender Act does apply to a defendant charged with driving while under the influence, Ex parte King,547 So.2d 579, 581 (Ala. 1989), and that in order to use a prior conviction for driving under the influence for penalty enhancement purposes, the State must establish that the defendant was represented by counsel or that the defendant had validly waived counsel at the time of the prior conviction,Bilbrey v. State, 531 So.2d 27, 32 (Ala.Cr.App. 1987). However, neither of those principles are applicable here.
In this case, the evidence of the appellant's prior history regarding driving while under the influence of alcohol and drugs and the evidence of his prior convictions were admitted, not to impeach the appellant or to enhance his sentence, but as evidence of his criminally culpable mental state on the occasion charged in the indictment. "If an item of evidence is admissible for one purpose, it will be received in evidence despite the fact that there exists some other purpose for which it is not admissible. This is known as the doctrine of multiple admissibility." Robinson v. State, 361 So.2d 379, 381
(Ala.Cr.App. 1978), cert. denied, 361 So.2d 383 (Ala. 1978).
In connection with the testimony concerning the prior incident in March 1989 for driving while under the influence of a controlled substance, the trial court overruled defense counsel's objection to the arresting officer's testimony that the appellant "had a number of what appeared to be track marks, needle marks, on his arms." R. 53. Any prejudice in the admission of this testimony was rendered harmless by the appellant's own admissions on direct examination by defense counsel that he had "had some problems in [his] past with drugs" (R. 203); that in connection with the "trouble" he was in in 1989, he was placed on probation and "had to come up with three clean urine tests" (R. 204); and that he "attended some counseling meetings" (R. 205). On direct examination, the appellant also admitted that he had "said I shouldn't have been driving with any alcohol in me because I was worried about a violation of my probation if I was convicted of a DUI." R. 205. On cross-examination, the appellant admitted that he was on probation for possession of cocaine. See Ex parte Williams,484 So.2d 503, 504-05 (Ala. 1986).
 IV.
In Alabama, criminally negligent homicide constitutes a Class A misdemeanor, "except in cases in which said criminally negligent homicide is caused by a driver of a motor vehicle who is driving in violation of the provisions of § 32-5A-191; in such cases criminally negligent homicide is a Class C felony." Ala. Code 1975, § 13A-6-4(c). The appellant argues that the trial court erred in adjudicating him guilty of a Class C felony because the jury made no specific finding that the appellant was guilty of driving under the influence of alcohol or a controlled substance.
This issue was not raised at trial and has not been preserved for appellate review.
Furthermore, we hold that whether criminally negligent homicide is a Class A misdemeanor or a Class C felony under § 13A-6-4(c) is a matter of sentence enhancement, which does not involve a question for the jury. This conclusion is based upon Ex parte Guess, 507 So.2d 551, 552 (Ala. *Page 16 
1987), affirming Guess v. State, 507 So.2d 546 (Ala.Cr.App. 1986), wherein the Alabama Supreme Court declared that this Court correctly held that the firearm enhancement statute did not violate a defendant's Sixth Amendment right to trial by jury, even though it permitted the judge rather than the jury to decide whether the defendant had used a firearm in the commission of a felony, because the statute did not create a separate offense but merely limited the sentencing court's discretion by setting the minimum sentence in the event that a firearm is used in the commission of a felony.
Here, it is undisputed that the appellant was driving with an blood-alcohol content of .146%, which constitutes a violation of § 32-5A-191(a)(1). In a prosecution under that subsection, there need be no proof that the defendant's driving ability was impaired. Frazier v. City of Montgomery, 565 So.2d 1255,1257-58 (Ala.Cr.App. 1990); Cains v. State, 555 So.2d 290, 298
(Ala.Cr.App. 1989).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.