COOK, Justice.
We granted this certiorari petition to consider whether the trial court erred by admitting Bradley Smith’s prior driving record into evidence in a criminal prosecution based on a motor vehicle collision. We conclude that it did. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand.
On June 19, 1992, Smith slammed his Toyota Cressida automobile into the rear of Staci Johnson’s Jeep CJ-7 as she traveled down Beach Boulevard in Gulf Shores. Johnson and passenger Ronald Wilson were thrown from the Jeep; Johnson died from her injuries, and Wilson was critically injured. Smith, who authorities determined was driving while intoxicated, sustained minor injuries. Smith was given two separate tests for intoxication. One showed a blood alcohol content of .296%; the second test indicated a blood alcohol content of .246%. Authorities calculated that Smith was traveling over 100 miles per hour when he struck Johnson’s Jeep.
Smith was indicted and charged with reckless murder, manslaughter, negligent homicide, and vehicular homicide in Johnson’s death, and with first degree assault in connection with Wilson’s injuries. At trial, the state was allowed to introduce Smith’s driving record into evidence. Smith’s prior convictions for moving violations included speeding, running a red light, operating a ear with no signal, and traveling the wrong way on a one-way street. The trial court also allowed the state to introduce a nondriving, alcohol-related charge against Smith for possession of alcohol on a public beach; that charge had been made against Smith while he was a minor. A police officer testified in regard to that last charge that he had prevented Smith from driving away from his parking spot, which was littered with beer cans. The officer also testified that on that occasion he had found more beer inside Smith’s ear. The charge was subsequently nol-prossed by the municipal court.
*1263 The jury convicted Smith of manslaughter and first degree assault in connection with Johnson’s death and Wilson’s injuries, respectively. Smith was sentenced to 20 years in prison for the manslaughter conviction and 15 years in prison for the assault conviction; these sentences were to run consecutively. On appeal, Smith argued that the trial court had committed reversible error by admitting his prior driving record. The Court of Criminal Appeals affirmed, by an unpublished memorandum. Smith v. State, 678 So.2d 804 (Ala.Cr.App.1995). We granted certiorari review.
The dispositive issue is whether Smith’s prior driving infractions indicated any relevant characteristic or intent with regard to the DUI-related charges in this case. Having reviewed the record, we conclude that Smith’s prior driving history did not tend to prove any material fact at issue in Smith’s trial. Generally, evidence of prior crimes or bad acts of an accused that are not charged in the indictment is not admissible if the only probative function of that evidence is to show the accused’s bad character. Ex parte Cofer, 440 So.2d 1121, 1123 (Ala.1983). However, crimes or bad acts of the accused are admissible if they are inseparably connected with or are part of the res gestae of the now-charged crime. Smoot v. State, 381 So.2d 668, 671 (Ala.Cr.App.1980), C. Gamble, McElroy’s Alabama Evidence § 69.01(3) (4d ed.1991). If the accused is charged with a crime that required a prerequisite intent, then prior criminal acts are admissible to show that he had the necessary intent when he committed the now-charged crime. Ex parte Killough, 438 So.2d 333 (Ala.1983) (cautioning that intent must be a material element of the crime charged and that the prior criminal conduct must be relevant — i.e., that the prior crimes must have a logical tendency to lead to the inference that the accused, because he had committed the prior acts, had the prerequisite intent at the time the now-charged crime was committed). This rule is based upon the theory that, because the unintentional doing of an act is abnormal and unusual, the more a person does other acts similar to the act in question the greater the likelihood that the act in question was not done inadvertently. McElroy’s Alabama Evidence, § 69.01(5).
Are Smith’s traffic citations for speeding, running a red light, driving with no turn signal, traveling the wrong way on a one-way street, and possession of alcohol on a public beach inseparably connected with the charges of first degree assault, reckless murder, manslaughter, criminally negligent homicide, and vehicular homicide or with the events leading to those charges? In its unpublished memorandum, the Court of Criminal Appeals cited Crauswell v. State, 638 So.2d 11, 14-15 (Ala.Cr.App.1993), to support its holding that Smith’s driving history was relevant to demonstrate a disregard for the probable consequences of his actions and for the safety of others. We disagree.
In Crauswell, the defendant was under the influence of alcohol and Valium when he got behind the wheel of his car and when, speeding through an intersection with the light against him, he slammed into the driver’s side of another car, killing the driver. The defendant’s blood-alcohol content was .146% one hour after his arrest. 638 So.2d at 13. The trial court allowed testimony of the defendant’s history of driving while under the influence of alcohol and drugs, admitting evidence of three incidents in which the defendant had been arrested while driving under the influence. In affirming the conviction, Judge Bowen, writing for the Court of Criminal Appeals, stated:
“In a prosecution for vehicular homicide, evidence of the defendant’s prior history regarding drugs, alcohol, and driving may be admissible in order to prove that the defendant had been drinking or using drugs prior to the accident, the defendant’s intent, or the defendant’s reckless indifference to the probable consequences of his acts, regardless of whether the prior arrests resulted in convictions. See Smoot v. State, 520 So.2d 182, 184-85 (Ala.Cr.App. 1987); Holifield v. State, 520 So.2d 240, 243-44 (Ala.Cr.App.1987); Klingel v. State, 518 So.2d 853, 855-56 (Ala.Cr.App.1987); Patterson v. State, 518 So.2d 809, 813-14 (Ala.Cr.App.1987); Brown v. State, 492 So.2d 661, 663-64 (Ala.Cr.App.1986); Reeves v. State, 470 So.2d 1374, 1376 (Ala. *1264 Cr.App.1985); Palmer v. State, 401 So.2d 266, 268-70 (Ala.Cr.App.), cert. denied, 401 So.2d 270 (Ala.1981), cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); McGhee v. State, 333 So.2d 865, 868-69 (Ala.Cr.App.1976) (admission constituted error where prior DUI convictions were 10 years old).”
638 So.2d at 14-15.
Smith’s case is distinguishable from Craus-well and the cases cited for authority therein because in those cases the prior offenses admitted into evidence involved driving while intoxicated, the same offense the defendants were presently charged with. However, Smith’s prior offenses are not D.U.I.-related and are not inseparably connected to each other or to the charges in the present indictment. The logic by which the Court of Criminal Appeals concluded that citations for speeding, running a red light, or driving the wrong way down a one-way street even remotely reflect a reckless indifference to the probable consequences of driving while intoxicated is grossly attenuated. The level of carelessness exhibited by exceeding the speed limit is not comparable to the carelessness that leads to driving while intoxicated with alcohol or drugs.
We also note that a level of intent or a certain mental state is associated with reckless murder, manslaughter, and criminally negligent homicide. See Ala.Code- 1975, §§ 13A-6-2, 13A-6-3, and 13A-6-4. The prior offenses must involve a similar intent or mental state to be relevant. Smith’s prior driving record (showing convictions for speeding, running a red light, driving the wrong way on a one-way street) shows infractions that are based on a malum ‘prohibi-tum concept — under which intent or mental state is irrelevant. Thus, Smith’s prior offenses do not lead in the present prosecution to the inference that he had the requisite intent to drive his car while under the influence of alcohol or drugs. We hold that Smith’s driving history was not probative of an indifference to the consequences of driving under the influence of alcohol.
The Court of Criminal Appeals based its affirmance on Crauswell. The court in Crauswell cited McGhee v. State, 333 So.2d 865 (Ala.Crim.App.1976), to support its holding that a defendant’s prior driving history is admissible in a prosecution for vehicular homicide. However, McGhee is on point with Smith’s case and stands precisely for what we hold today.
In McGhee, the defendant was eonvieted of second degree murder for the death of a six-year-old boy who died when the defendant’s motor vehicle collided with the car driven by the boy’s father, on Christmas Eve 1974. At trial, the state introduced into evidence the defendant’s prior convictions for traffic offenses. While the defendant had had at least one D.U.I. offense, the list of his prior offenses also included speeding, reckless driving, driving with improper brakes, running a stop sign, and driving while his license was revoked. McGhee, 333 So.2d at 867. The Court of Criminal Appeals reversed the conviction and remanded the ease to the trial court; it held that the trial court had abused its discretion in admitting the defendant’s prior convictions for driving while his license was revoked, running stop signs, reckless driving, speeding, and driving with improper brakes because those offenses had no bearing on the issue of the defendant’s state of mind when the fatal accident occurred. The Court of Criminal Appeals also held that the cumulative effect of admitting the prior traffic convictions violated the defendant’s rights. McGhee, 333 So.2d at 869. We agree. The same reasoning is applicable in this case.
The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES, HOUSTON, and KENNEDY, JJ., concur.
ALMON and BUTTS, JJ., concur in the result.
MADDOX, J., dissents.