PER CURIAM.
The petitioner, Michael Harrison Howard, filed this petition for a writ of prohibition directing Judge Jerry White, serving as a circuit judge for Pike County,[1] to transfer his case to the juvenile court for disposition. In June 2005, Howard was indicted by a Pike County grand jury for two counts of criminally negligent homicide, a violation of § 13A-6-4(c), Ala.Code 1975.[2] Howard was 17 years old at the time of the alleged offense. Howard filed a motion to transfer his case to the juvenile court because, he argued, criminally negligent homicide is a misdemeanor, over which the juvenile court would have jurisdiction, and the fact that the accident resulting in the girls’ death occurred while he was under the influence was pertinent only to the range of sentence; it did not elevate the offenses to felonies. Judge White denied the motion to transfer; this petition for the writ of prohibition followed.
*70 The Alabama Supreme Court in Ex parte Maye, 799 So.2d 944, 947 (Ala.2001), stated the following concerning a petition for a writ of prohibition:
“ ‘ “A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep’t of Mental Health & Mental Retardation, 536 So.2d 78 (Ala.Civ.App.1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala.1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ ‘properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction.’ Ex parte City of Tuskegee, 447 So.2d 713, 716 (Ala.1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). ‘Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction.’ Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940).”’
“Ex parte Moody, 681 So.2d 276, 276-77 (Ala.Crim.App.1996), quoting Ex parte Shoemaker, 644 So.2d 958, 959 (Ala.Civ.App.1993), rev’d, 644 So.2d 961 (Ala.), on remand, 644 So.2d 966 (Ala.Civ.App.1994).”
Howard argues that Judge White usurped his jurisdiction when he denied the motion to transfer the ease to the juvenile court because Howard had been indicted for a misdemeanor, not a felony, and, according to § 12-15-34.1, Ala.Code 1975, he is subject to the jurisdiction of the juvenile court. He cites Crauswell v. State, 638 So.2d 11 (Ala.Crim.App.1993), for the proposition that this Court has held that subsection (c) of § 13A-6-4, Ala.Code 1975, is a sentence-enhancement provision and does not state a substantive offense.
Section 12-15-34.1, Ala.Code 1975, states, in pertinent part:
“(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult:
[[Image here]]
“(4) A felony which has as an element thereof the causing of death or serious physical injury.”
Section 13A-6-4, Ala.Code 1975, defines the offense of criminally negligent homicide as follows:
“(a) A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence.
“(b) The jury may consider statutes and ordinances regulating the actor’s conduct in determination whether he is culpably negligent under subsection (a) of this section.
*71 “(c) Criminally negligent homicide is a Class A misdemeanor, except in cases in which said criminally negligent homicide is caused by the driver of a motor vehicle who is driving in violation of the provisions of Section 32-5A-191 [driving under the influence]; in such cases criminally negligent homicide is a Class Cfelony.”
(Emphasis added.)
In Crauswell, this Court considered whether the trial court had erred in sentencing Crauswell as a Class C felon under § 13A-6-4(c), when the jury had made no specific finding that Crauswell was driving under the influence at the time of the accident, in which the driver of another vehicle was killed. After holding that the issue had not been preserved for appellate review, this Court, in dicta, stated:
“Furthermore, we hold that whether criminally negligent homicide is a Class A misdemeanor or a Class C felony under § 13A-6-4(c) is a matter of sentence enhancement, which does not involve a question for the jury. This conclusion is based upon Ex parte Guess, 507 So.2d 551, 552 (Ala.1987), affirming Guess v. State, 507 So.2d 546 (Ala.Cr.App.1986), wherein the Alabama Supreme Court declared that this Court correctly held that the firearm enhancement statute did not violate a defendant’s Sixth Amendment right to trial by jury, even though it permitted the judge rather than the jury to decide whether the defendant had used a firearm in the commission of a felony, because the statute did not create a separate offense but merely limited the sentencing court’s discretion by setting the minimum sentence in the event that a firearm is used in the commission of a felony.”
638 So.2d at 15-16.
Several months after we released Crauswell, we released Potter v. State, 661 So.2d 255 (Ala.Crim.App.1993), rev’d on other grounds, 661 So.2d 260 (Ala.1994). In Potter we considered whether § 13A-6-4(c) was a separate sentencing-enhancement provision that precluded Potter’s being sentenced under the Habitual Felony Offender Act (“HFOA”). We stated:
“The appellant cites Ex parte Chambers, 522 So.2d 313 (Ala.1987) as authority for his argument that § 13A-6-4, Code of Alabama 1975 contains its own sentence enhancement provision. In Ex parte Chambers, the Alabama Supreme Court held that the appellant, a repeat drug offender, who was sentenced pursuant to the Uniform Controlled Substances Act, § 20-2-1 et seq., was not subject to sentencing under the Habitual Felony Offender Act. The Court’s reasoning was that the Uniform Controlled Substances Act contained its own sentencing provisions which were outside the scope of the Criminal Code. Id. at 315-16. The Court stated, ‘Because the sentences applicable to drug offenses and repeat drug offenses are provided within the Controlled Substances Act, we hold that defendants convicted thereunder must be sentenced according to its provisions, not the sentencing provisions of Title 13A.’ Id. at 316 (footnote omitted).
“In this case, however, the appellant was convicted and sentenced under the Criminal Code. The appellant was found guilty of violating § 13A-6-4, rather than an offense outside the scope of Title 13A such as the defendant in Ex parte Chambers. Moreover, driving under the influence is an element of the class C felony offense of criminally negligent homicide. Section 13A-6-4 does not enhance the appellant’s punishment based upon his prior felony convictions. Therefore, the appellant’s argument fails and we uphold the trial court’s sentence *72 under the Habitual Felony Offender Act.”
661 So.2d at 259 (second emphasis added). Our decision in Potter was reversed on other grounds by the Alabama Supreme Court. See Ex parte Potter, 661 So.2d 260 (Ala.1994).
More recently, in Johnson v. State, 922 So.2d 137 (Ala.Crim.App.2005), this Court held that it was a violation of the Double Jeopardy Clause to convict Johnson of both the offense of driving under the influence of alcohol and the offense of criminally negligent homicide. We concluded that based on the facts of.the case, driving under the influence was included in the offense of criminally negligent homicide. In reaching this conclusion, we stated:
“[I]n determining whether one offense is included in another, the trend of recent Alabama decisions is to focus on the statutory elements of the offenses and the factual allegations actually included in the indictment, rather than on the evidence or factual basis the State presents at trial or during the guilty-plea colloquy. See Ex parte Cole, 842 So.2d 605 (Ala.2002); Wright v. State, 902 So.2d 720 (Ala.Crim.App.), aff'd, 902 So.2d 738 (Ala.2004); Childers v. State, 899 So.2d 1023 (Ala.Crim.App.2003), writ quashed, 899 So.2d 1025 (Ala.2004); Bradley v. State, 925 So.2d 221 (Ala.Crim.App.2004); and Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003).”
922 So.2d at 141.
The provision making criminally negligent homicide a Class C felony if the homicide is caused by a driver who is driving under the influence was added by an amendment in 1988. Act No. 88-916, Ala. Acts 1988. In describing the purpose of the amendment in the title of the Act, the legislature stated that the change was “[t]o amend section 13A-6-4, Code of Alabama 1975, to provide that criminally negligent homicide is a Class C felony.” The legislature intended to create an offense that was subject to a harsher penalty if the homicide was committed while the defendant was under the influence.
It appears that this Court’s dicta in Crauswell stating that whether criminally negligent homicide was a Class A misdemeanor or a Class C felony is a matter of sentence enhancement was an aberration.[3] The wording of the 1988 amendment to § 13A-6-4(c), Ala.Code 1975, is clear. It provides:
“Criminally negligent homicide is a Class A misdemeanor, except in cases in which said criminally negligent homicide is caused by the driver of a motor vehicle who is driving in violation of provisions of Section 32-5A-191 [driving under , the influence]; in such cases criminally negligent homicide is a Class C felony.”
(Emphasis added.)
Section 13A-6-4(c), Ala.Code 1975, is not a sentencing-enhancement provision, but a provision that states a substantive offense that requires proof that the homicide occurred while the defendant was under the influence. Driving under the influence is an element of the offense that must be charged in the indictment, as it was in this case, and proven to the jury beyond a reasonable doubt.
Judge White did not err in denying Howard’s motion to transfer the case to the juvenile court. Howard was over the *73 age of 16 at the time of the alleged offense and is charged with a felony, not, as he argues, a misdemeanor. Therefore, according to § 12-15-34.1, Ala.Code 1975, Howard must be charged, arrested, and' tried as an adult.
For the foregoing reasons, this petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. After the three circuit judges in Pike County recused themselves from hearing Howard’s case, the Chief Justice of the Alabama Supreme Court appointed retired Judge Jerry White, a circuit judge, to preside over the case.

. Howard is charged with driving a motor vehicle while under the influence and causing the death of two young girls when the vehicle he was driving hit a utility pole.

. We further question the continued validity of the dicta in Crauswell given the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that any fact that increases a sentence above the statutory range must be presented to a jury and proven beyond a reasonable doubt.