Phillip James Troha was convicted of rape in the first degree and sentenced as a habitual offender. The Court of Criminal Appeals, 462 So.2d 950, affirmed the trial court's judgment. This case is before this Court by writ of certiorari to the Court of Criminal Appeals.
The only issue we need to address is whether there was juror misconduct. The only evidence of juror misconduct is found in the affidavit of juror Ralph Duncan:
 "I was a juror during the trial of Phillip James Troha, with said trial having been conducted on the 18th and 19th of October, 1983. I am a Christian and was quite upset and concerned that my actions *Page 954 
as a juror were proper and just to include insurance that I adhere to Christian principles during my service as a juror on this particular case. My concern was of such nature that I felt compelled on the night of October 18, 1983, to call my brother in Mississippi who is a minister. I discussed my situation with my brother and asked him for guidance and scripture references so as to enable me to make a proper and just decision."
It is a well settled principle of law, and, further, it is fundamental to a fair trial, that jurors should consider only the evidence presented at trial. In determining whether a new trial is warranted in a criminal case because of outside influence, we look to the standard set forth in Roan v. State,225 Ala. 428, 435, 143 So. 454, 460 (1932):
 "The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it might have unlawfully influenced that juror and others with whom he deliberated, and might have unlawfully influenced its verdict rendered [emphasis added]."
The case before us is analogous to Roan, supra, and Smith v.State, 39 Ala. App. 501, 105 So.2d 662 (1958). In Roan, the Court held that the motion for a new trial should have been granted because a citizen of the community in which one of the jurors lived told that juror, "He [the defendant] will get it poured into him now." It was determined that the statement might have unlawfully influenced the jury's verdict. In Smith, a juror heard his wife discussing the juror's case with other people in his presence, and the Court of Appeals held that the State failed to show that the juror "was not subjected to influences or contacts which might have (consciously or subconsciously) worked upon his mind in deliberating on the case." 39 Ala. App. at 505, 105 So.2d at 666 (emphasis in original).
In this case, the Court of Criminal Appeals determined that any outside influence exerted "could only be beneficial to the accused." We disagree. The defendant was convicted as charged. We do not know the extent of the conversation between the juror and his brother, the minister, nor the scripture references that were recommended to help him make his decision. As we all know, the Bible portrays God as vengeful, as well as merciful and forgiving. The minister may have recommended scriptures reflecting his own thoughts on the case.
The Roan test mandates reversal whenever the misconduct might
have unlawfully influenced the verdict. Even the ambiguous evidence before us is sufficient to support such a light burden. It is difficult to deny that the juror's conversation with his minister brother and the selective reference to specific Biblical passages might have unlawfully influenced the verdict rendered.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY, and ADAMS, JJ., concur.