This is a review by writ of certiorari to the Court of Criminal Appeals, 505 So.2d 1257. Bruce Lasley was convicted on two counts of assault in the first degree. He *Page 1264 
was sentenced to terms of twenty-two years on each count, to run concurrently.
After the trial it was discovered that three of the jurors had conducted separate home experiments in attempts to test petitioner's theory of defense. The results of two of these experiments were communicated to the other jurors. One of the jurors also consulted a law book to aid her understanding of certain legal terms and concepts. The issue is whether such juror misconduct might have unlawfully influenced the jury.
Petitioner was alleged to have intentionally injured Terrance and Troy Smith, aged three years and four years, by placing or holding them in scalding water until they were severely burned. At the time of the alleged assault, petitioner was living with Sharon Smith, mother of the victims. Petitioner was at home alone with the children. He testified that he was giving them a bath when he was distracted by a knock at the door. According to his testimony, he returned to find the boys standing in scalding hot water.
The State's case was based entirely on circumstantial evidence. Dr. Ramenofsky, a pediatric surgeon, testified concerning emersion burns, the spans of time during which emersion burns will occur at varying temperatures, and possibilities as to how such burns can be received in household bathtubs. The home experiments conducted by the jurors consisted of running tubs of hot water, checking the temperatures at varying levels and recording the time periods that it took to reach various temperatures. The trial court conducted a post trial hearing at which each juror was called to testify, under oath, regarding the home experiments.
There is no doubt that the home experiments constituted juror misconduct. The only question is whether the misconduct requires a new trial. The standard for determining whether juror misconduct requires a new trial is set forth in Roan v.State, 225 Ala. 428, 435, 143 So. 454, 460 (1932).
 "The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it might have unlawfully influenced that juror and others with whom he deliberated, and might have unlawfully influenced its verdict rendered." (Emphasis added.)
The Roan test mandates reversal when juror misconduct might have influenced the verdict. This test casts a "light burden" on the defendant. Ex parte Troha, 462 So.2d 953 (Ala. 1984).
Application of the rule cannot in all cases depend entirely upon the jurors' statements that the extraneous information did not affect their verdict.
The integrity of the factfinding process is the heart and soul of our judicial system. Judicial control of the jury's knowledge of the case is fundamental. Our rules of evidence are designed, so far as humanly possible, to produce the truth and to exclude from the jury those facts and objects which tend to prejudice and confuse. Evidence presented must be subject to cross-examination and rebuttal. The defendant's constitutional rights of confrontation, of cross-examination, and of counsel are at stake.
The Court of Criminal Appeals reasoned that some of the results of the experiments were beneficial to the Petitioner. Yet the court stated that with regard to juror Peabody's experiment, "[H]owever, we do not know the extent of her experiment, nor with whom she discussed it."
Considering three separate home experiments and the consultation of law books by one juror, we conclude that the jury might have been influenced, notwithstanding the jurors' statements to the contrary. The jurors cannot in every case determine the question of whether they were, or might have been, improperly influenced.
In view of our decision, there is no need to reach theBatson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), issue. See Jackson v. State, [Ms. 84-1112, December 19, 1986] (Ala. 1986). *Page 1265 
The judgment of the Court of Criminal Appeals is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur, except TORBERT, C.J., not sitting.