547 So.2d 596 (1989)
Ex parte State of Alabama.
(Re Joseph Augustus REED
v.
STATE of Alabama).
88-101.
Supreme Court of Alabama.
April 14, 1989.
*597 Don Siegelman, Atty. Gen., and Charles W. Hart III, Asst. Atty. Gen., for petitioner.
T. Jefferson Deen III of Clark, Deen & Copeland, Mobile, for respondent.
HORNSBY, Chief Justice.
A jury convicted Joseph Augustus Reed in Mobile County Circuit Court for the sale of cocaine, in violation of Code 1975, § 20-2-70. Reed was sentenced to imprisonment for 10 years, but with one year to be served in a correctional facility and the balance suspended for five years, accompanied by formal probation. The trial court denied the defendant's motion for a new trial, which was premised, in part, on the misconduct of a juror who conducted a home experiment in order to test the credibility of certain evidence in the case. The Court of Criminal Appeals reversed the defendant's conviction and remanded the case for a new trial based on the "juror home experiment." 547 So.2d 594. We reverse the judgment of the Court of Criminal Appeals and remand the case for action consistent with this opinion.
The defendant was arrested after he had sold .0623 grams of cocaine to an undercover police officer. The drug transaction took place at night and was observed by a second police officer positioned inside a nearby van. The van apparently had tinted windows, preventing anyone outside the van from seeing into it. Both officers testified against the defendant at trial. At the hearing on the defendant's motion for a new trial, one juror testified that during an overnight recess, after deliberations had begun, she returned home and looked out the tinted windows of her own van in order to test the credibility of the police officer's testimony that although it was night he could see the defendant clearly through the tinted windows. The juror further testified that the results of her experiment were consistent with the police officer's testimony, but that she did not tell the other members of the jury about her experiment until after the verdict had been returned.
The sole issue presented to this Court for review is whether the Court of Criminal Appeals erred in reversing the defendant's conviction and remanding this case for a new trial based upon the "juror home experiment."
The rule is well settled that juries, in their deliberations, are to be guarded against any outside influence that might affect the verdict rendered. See Roan v. State, 225 Ala. 428, 143 So. 454 (1932); and Leith v. State, 206 Ala. 439, 90 So. 687 (1921). In order to secure a criminal defendant a fair trial, public policy demands that the jury consider only the evidence produced at the trial. Leith, 206 Ala. at 444, 90 So. at 691.
A juror's conducting an experiment outside the presence of the court constitutes juror misconduct because it inherently results in the introduction of facts, whether consistent or inconsistent with the evidence already before the jury, that have not been subject to the rules of evidence or to cross-examination by either party. See Ex parte Lasley, 505 So.2d 1263, 1264 (Ala.1987). However, not every instance of juror misconduct warrants a new trial. Id. Each case involving juror misconduct must be judged by its own peculiar facts, and the conduct, when found to be prejudicial, will require a reversal. Bell v. State, 227 Ala. 254, 256, 149 So. 687, 689 (1933).
The test for determining whether juror misconduct is prejudicial to the defendant and, thus, warrants a new trial is whether the misconduct might have unlawfully influenced the verdict rendered. Ex parte Troha, 462 So.2d 953, 954 (Ala.1984); Roan, 225 Ala. 428, 435, 143 So. 454, 460 (1932); Leith, 206 Ala. 439, 443, 90 So. 687, 690 (1921). Once the trial court investigates the misconduct and finds, based on competent evidence, the alleged prejudice to be lacking, this Court will not reverse. See Bascom v. State, 344 So.2d 218, 222 (Ala.Crim.App.1977).
The defendant argues that the juror's action in this case requires that he be granted a new trial. We disagree.
*598 We begin by noting that no single fact or circumstance will determine whether the verdict rendered in a given case might have been unlawfully influenced by a juror's home experiment. Rather, it is a case's own peculiar set of circumstances that will decide the issue. In this case, it is undisputed that the juror told none of the other members of the jury of her experiment until after the verdict had been reached. While the question of whether she might have been unlawfully influenced by the experiment still remains, the juror testified at the post-trial hearing on the defendant's motion for a new trial that her vote had not been affected by the experiment.[1] We cannot agree with the defendant that the verdict rendered might have been unlawfully influenced, where the results of the home experiment were known only to the one juror who conducted the experiment and that juror remained unaffected by the experiment. The defendant has failed to show that the trial court abused its discretion in denying his motion for a new trial on this basis and, thus, he is not entitled to a reversal.[2]
In so holding, however, we do not go so far as to agree with the State's argument that a defendant is entitled to a new trial only if he can preliminarily show that an experiment resulted in the introduction of "new" facts, i.e. noncumulative facts not already before the jury. The State cites Bolt v. State, 428 So.2d 1369 (Ala.Crim.App.1982), cert. denied, 428 So.2d 1371 (Ala.1983), in support of this proposition. In denying the petition for writ of certiorari in Bolt, this Court recognized that the experiment was "not such that extraneous facts were introduced upon which the jury might have been influenced". "Extraneous" facts in this context simply means "additional," and since extraneous facts are inherent in any experiment, a defendant must further show that the experiment might have unlawfully influenced the verdict rendered. However, a defendant does not have to show that the extraneous facts are "new," i.e., noncumulative in nature. The nature of the facts introduced may be used as a factor in determining whether the experiment might have influenced the verdict rendered; however, an experiment will not be considered, ipso facto, nonprejudicial simply because the resultant extraneous facts are merely cumulative in nature.
Because the defendant in this case has failed to show that the experiment resulted in the introduction of facts that might have unlawfully influenced the verdict rendered, we find that the juror's action does not warrant a new trial. Accordingly, we hereby reverse the judgment of the Court of Criminal Appeals and remand this case for action consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, ADAMS, HOUSTON, and STEAGALL, JJ., concur.
JONES and KENNEDY, JJ., dissent.
JONES and KENNEDY, Justices (dissenting).
*599 Because we agree with the judgment of reversal of the Court of Criminal Appeals, we would quash the writ.
NOTES
[1] We recognize that the juror's statements concerning her vote are somewhat confusing; however, after reading the full colloquy that transpired between the defendant's attorney, the juror, and the court, we are satisfied that if her vote did in fact change, it did so for reasons other than her home experiment. Further, we consider it quite significant that the trial judge, who had the advantage of observing the demeanor of the juror, as well as any inflection in her voice as she testified, found that her vote had not been unlawfully influenced by the experiment.
[2] We are aware of our decision in Ex parte Lasley, 505 So.2d 1263 (Ala.1987), in which we held that the jurors' home experiments warranted a new trial. In Lasley, three jurors independently conducted home experiments and one juror consulted a law book. The jurors' actions in Lasley resulted in the introduction of facts not properly in evidence, and these facts were communicated to the other jurors before the verdict was rendered. Each case must be judged on its own peculiar facts, and the facts of the present case, unlike those in Lasley, do not support a new trial. Cf. also, Leith v. State, 206 Ala. 439, 444, 90 So. 687 (1921); Allen v. State, 494 So.2d 777, 786 (Ala.Crim.App.1985); White v. State, 380 So.2d 348, 351 (Ala.Crim.App.1980).