661 So.2d 260 (1994)
Ex parte Willie Junior POTTER.
(Re Willie Junior Potter v. State).
1930088.
Supreme Court of Alabama.
August 26, 1994.
Rehearing Denied December 16, 1994.
David H. Webster, Gadsden, for petitioner.
James H. Evans, Atty. Gen., and Jack W. Willis, Asst. Atty. Gen., for respondent.
ALMON, Justice.
We have granted the defendant Willie Junior Potter's petition for a writ of certiorari to the Court of Criminal Appeals. Potter argues that the decision of the Court of Criminal Appeals conflicts with decisions of that court and decisions of this Court. He argues that the Court of Criminal Appeals erred in holding that the unauthorized viewing of the scene of his alleged crime by three jurors did not require a new trial.
Potter was convicted by a jury of criminally negligent homicide, § 13A-6-3(a)(1), Ala. Code 1975, based on his striking a pedestrian, Fred Crowser, Sr., while driving his car under the influence of alcohol. Crowser later died of respiratory failure after a two-month illness, which the State alleged was caused by injuries he suffered in the accident. Pursuant to the Habitual Felony Offender Act, Potter was sentenced to 15 years' imprisonment; he was further ordered by the circuit court to pay court costs, attorney fees, a crime victim's assessment of $50, and restitution in the amount of $21,478.
*261 At trial the prosecution sought to show by the testimony of the investigating police officer, who arrived at the scene of the accident after it had occurred; by evidence of Potter's intoxication; and by circumstantial evidence, that it was Potter's criminal negligence, specifically his unlawful operation of a vehicle while under the influence of alcohol, that caused the accident. Potter defended on two theories. First, he presented evidence intended to indicate that Crowser's death was not caused by the injuries he suffered in the accident. Second, Potter sought to prove by his own testimony and by circumstantial evidence that the accident was unavoidable and, therefore, was not caused by any criminal negligence on his part. Potter testified at trial that while he was travelling on the street where the accident occurred, a second car pulled out in front of him. To avoid a collision, Potter testified, he veered to the side of the road, where Crowser's truck was parked. At that moment, according to Potter, Crowser stepped out in front of Potter's car and was struck after Potter slammed on his brakes. Other than Potter, no witnesses to the accident testified at trial. Both the testimony of the arresting police officer and the testimony of Potter suggested or indicated that the street was narrow.
During a recess in the jury's deliberations, two or three jurors, independently of each other, visited the scene of the accident to determine how narrow the street was. When the jury's deliberations resumed, these jurors reported to the others what they had seen. Potter filed a motion for a new trial, asserting, inter alia, that the viewing of the scene by the jurors denied him a fair trial. In the hearing on this motion, other jurors testified that the jurors who visited the scene reported to the others that the street was narrow and that two cars could not pass each other if a third car was parked along it. The jurors who visited the scene and those who heard what they reported testified that this information about the street did not affect their verdict. After the hearing on Potter's motion for a new trial, the circuit court denied Potter's motion.
The Court of Criminal Appeals affirmed the judgment of conviction, holding, among other things, that the verdict of the jury had not been affected by the unauthorized viewing, because the jurors testified that it did not affect their verdict and because the width of the road was not a disputed, material issue of fact in the case. Judge Taylor dissented, arguing that when jurors make an independent investigation, reversible error has been committed and a motion for a mistrial should be granted.
"It is a well settled principle of law, and, further, it is fundamental to a fair trial, that jurors should consider only the evidence presented at trial." Ex parte Troha, 462 So.2d 953, 954 (Ala.1984). The standard for deciding whether juror misconduct requires a new trial in a criminal case is set forth in Roan v. State, 225 Ala. 428, 143 So. 454 (1932):
"The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it might have unlawfully influenced that juror and others with whom he deliberated, and might have unlawfully influenced its verdict rendered."
225 Ala. at 435, 143 So. at 460; see Ex parte Lasley, 505 So.2d 1263 (Ala.1987) (jurors separately conducted home experiments to test defendant's theory of defense and consulted law books); Ex parte Troha, 462 So.2d 953 (Ala.1984) (communication by juror with brother, who was minister, to obtain religious guidance). "The Roan test mandates reversal when juror misconduct might have influenced the verdict." Lasley, 505 So.2d at 1264. "Application of the [Roan] rule cannot in all cases depend entirely upon the jurors' statements that the extraneous information did not affect their verdict." Id.
In Ex parte Lasley, supra, the Court stated:
"The integrity of the factfinding process is the heart and soul of our judicial system. Judicial control of the jury's knowledge of the case is fundamental. Our rules of evidence are designed, so far as humanly possible, to produce the truth and to exclude from the jury those facts and objects which tend to prejudice and confuse. Evidence presented must be subject to cross-examination and rebuttal. The defendant's constitutional rights of confrontation *262 of cross-examination, and of counsel are at stake."
Id. at 1264.
In holding that the jury's verdict had not been affected by the unauthorized viewing of the scene of the accident, the Court of Criminal Appeals distinguished Crowell v. City of Montgomery, 581 So.2d 1130 (Ala.Cr.App. 1990), in which that court had reversed a conviction of speeding, improper lane usage, and driving under the influence of alcohol and had remanded the case for a new trial, because a juror had driven down the road where the defendant Crowell had been observed driving when she was alleged to have committed the charged offenses. In Crowell, the juror did not discuss her unauthorized view of the scene with any of the other jurors. At trial Crowell tried to prove that she had been driving erratically because of the poor condition of the road. The prosecution sought to show that the road was in good condition and that Crowell was swerving because she was intoxicated, not because she was trying to avoid bumps in the road. To help resolve this disputed issue of fact, the juror drove down the road to examine its condition.
In holding that the unauthorized viewing of the scene of the accident was not prejudicial in this case, the Court of Criminal Appeals reasoned that, unlike the condition of the road in Crowell, the width of the street in this case had not been a disputed issue of fact and that, therefore, the unauthorized viewing of the street could not have affected the verdict.
We disagree. Although the record shows that the width of the street was not specifically disputed, the unauthorized viewing by two or three jurors of the street where the accident occurred might have unlawfully affected the verdict of the jury. Except for Potter's testimony, the only evidence presented at trial relevant to the issue of whether the accident was unavoidable, as asserted by Potter, or was caused by Potter's criminal negligence, as asserted by the prosecution, was circumstantial evidence. In the post-conviction hearing on Potter's motion for a new trial, the jurors who visited the scene of the accident testified that they did so generally for the purpose of seeing the width of the street. Although the jurors testified that the information about the width of the street did not affect their verdict, it is fairly apparent, considering the circumstances of the accident, that the jurors viewed the street at most to help them resolve questions of fact or at least to help them understand better the evidence adduced at trial. Considering that Potter's assertion that the accident was unavoidable constituted a principal theory of his defense at trial; that except for Potter's testimony, all the evidence presented to the jury at trial to resolve this and other issues of fact regarding the cause of the accident was circumstantial; and that jurors who visited the scene of the accident did so to better understand evidence introduced at trial, we cannot say that the unauthorized viewing could not have unlawfully affected the verdict. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, STEAGALL, and KENNEDY, JJ., concur.
MADDOX, HOUSTON, and INGRAM, JJ., dissent.
HOUSTON, Justice (dissenting).
Was the scene of the accident a disputed matter? No. Was the width of the road a disputed matter? No. Were either of these the subject of conflicting evidence? No. So why is the Court of Criminal Appeals wrong in deferring to the trial court's decision as to whether the conduct of the jurors, who visited the street where the accident occurred, was so prejudicial to the defendant that it warrants a new trial? I have carefully reviewed the ore tenus evidence of the jurors presented during the hearing on the motion for new trial. A new trial should be granted if the action of the jurors resulted in bias or corruption or otherwise affected the verdict, or if from the extraneous facts prejudice may be presumed as a matter of law. Whitten v. Allstate Insurance Co., 447 So.2d 655, 658 (Ala.1984). The record shows no bias or corruption. The record shows that the view of the street where the car hit the pedestrian *263 did not affect the verdict of any of the jurors. Does a juror's visit to the street, which is not the subject of conflicting evidence, require the trial court to presume prejudice as a matter of law? I think not; however, the majority holds that it does. Therefore, I respectfully dissent.
MADDOX and INGRAM, JJ., concur.