The appellant, Charles Terry Reynolds, appeals from his conviction for public intoxication, a violation of § 11-6-12, Birmingham City Code, and his conviction for disorderly conduct, a violation of § 11-6-8, Birmingham City Code. He was fined $475 on the public intoxication conviction and $125 on the disorderly conduct conviction.
The evidence presented by the City tended to show the following: On June 15, 1996, the appellant was arrested while attending City Stages, an annual music festival held in downtown Birmingham. The arrest occurred in Linn Park, located between the Jefferson County Courthouse and Birmingham City Hall. Two members of the Jefferson County Sheriff's Department, Lt. Michael Lee and Sgt. Mike Ozley, testified that they were standing on an elevated marble wall in Linn Park monitoring the crowd. Both officers testified that they watched the appellant for approximately 30 minutes before his arrest and that during that time they witnessed his involvement in an altercation with other individuals. They testified that the appellant was directly in their view and had not been, as the appellant argues, knocked unconscious. Birmingham police officers, Ralph Patterson, Lilly Taylor, Henry Lucas, Marie Hardy, and Marquita Payne, testified that they responded to a radio report of a fight at the fountain in the park. Upon arrival, they saw the appellant pushing people and swearing at the crowd. Testimony was presented that the appellant smelled of alcohol, that his eyes were bloodshot, and that his speech was slurred. Attempts to subdue the appellant were unsuccessful, and he was arrested. In his defense, the appellant argued that he had been knocked unconscious by an unknown assailant shortly before he was arrested, and that he was therefore disoriented when he shouted profanities at the crowd and fought with police officers.
The appellant contends that he is entitled to a new trial because of alleged juror misconduct. Specifically, he argues that he was denied a fair and impartial trial when a juror visited the scene of the altercation and introduced extraneous information during the jury's deliberation.
The record indicates the appellant's trial counsel filed a motion for a new trial based upon the affidavits of three jurors to the effect that, before the jury began its deliberations, one of the jurors visited the scene of the arrest during her lunch hour "to determine the deputies' views during the incident." The affidavits indicated that during deliberations the juror stated that "it was her opinion based on her observations that the Jefferson County deputies could see the area where Mr. Reynolds was arrested, and that, therefore, the testimony of the Jefferson County deputies was credible, and in their positions they would have seen it if Mr. *Page 824 
Reynolds had been hit in the head by someone in the crowd." In response to the motion, counsel for the City also obtained affidavits from the same jurors, in addition to an alternate juror and the juror who had visited the scene. In those affidavits, the jurors indicated that they had based their verdicts on the testimony of the City's witnesses, which they found more credible than that of the appellant's witnesses. One of the juror affidavits stated that "[n]o one juror swayed the opinions of the jury." The affidavit further stated that her opinion was based on the testimony of the witnesses and that she "felt that the testimony of the Jefferson County sheriff's deputies was the most credible evidence." The affidavit of the second juror stated that "the statements made by the juror [who visited the scene] did not influence my opinion that the Defendant was guilty as to both disorderly conduct and public intoxication. My decision was based on the testimony of the witnesses. I did not find the witnesses for the Defendant to be as credible as the witnesses for the City." The affidavit of the third juror stated that "[d]uring deliberations, each member of the jury was given an opportunity to comment on the evidence. I remember one of the jurors stating that she had been to the scene of the arrest. Her comments had no influence on my decision which was based on the evidence." The last affidavit submitted by the State was that of the juror who had visited the scene. She stated that her "opinion [that the Defendant was guilty] was based on the testimony of the witnesses, and not on [her] visit to Linn Park."
Additionally, the record indicates that during the hearing on the motion for a new trial, the City argued that because the area where the arrest took place was shown to the jury through the photographs placed into evidence by the appellant's counsel, the juror's visit to the arrest scene amounted to harmless error. The record does not support the City's argument, however. The record reveals that the photograph, marked as "Defendant's Exhibit 2," showed the area where the appellant was standing at the time of his arrest, not where the deputies were standing during the altercation.
The trial court's order stated, in pertinent part:
 "With respect to the Defendant's assertion that juror misconduct influenced the verdict of the jury, the Court specifically finds that the evidence presented is insufficient to show that there was juror misconduct in this case sufficient to warrant a new trial. The juror affidavits submitted in support and in opposition of the Defendant's Motion do not support the Defendant's position that the alleged misconduct unlawfully influenced the verdict rendered by the jury. The juror affidavits support the City's position that the jury's verdict was based on the evidence and that any alleged misconduct had no influence on the jury. The Court determines that these affidavits are competent evidence of the jury's deliberative process and determines that any alleged juror misconduct is this case amounted to harmless error."
Here, there is no question that the juror's actions constituted juror misconduct. It is fundamental to a fair trial that jurors should consider only the evidence presented at trial. Therefore, jurors are prohibited from conducting independent investigations into any issue that arises during the trial of a case. Where juror misconduct has occurred, the question becomes whether the misconduct warrants a new trial. See Hall v. State,348 So.2d 870, 875 (Ala.Cr.App. 1977) ("The ruling of the trial judge denying a motion for new trial will not be disturbed in the absence of a showing of abuse of discretion, and this Court will indulge every presumption in favor of the correctness of his ruling.").
 "The standard for determining whether juror misconduct requires a new trial is set forth in Roan v. State, 225 Ala. 428, 435, 143 So. 454, 460 (1932).
 "`The test of vitiating influence is not that it did influence a member of the jury to act without the evidence, but that it might have influenced that juror and others with whom he deliberated, and might
have unlawfully influenced its verdict rendered.'
 "The Roan test mandates reversal when juror misconduct might have influenced the verdict. This test casts a `light burden' *Page 825 
on the defendant. Ex parte Troha, 462 So.2d 953 (Ala. 1984).
 "Application of the rule cannot in all cases depend entirely upon the jurors' statements that the extraneous information did not affect their verdict.
 "The integrity of the factfinding process is the heart and soul of our judicial system. Judicial control of the jury's knowledge of the case is fundamental. Our rules of evidence are designed, so far as humanly possible, to produce the truth. and to exclude from the jury those facts and objects which tend to prejudice and confuse. Evidence presented must be subject to cross-examination and rebuttal. The defendant's constitutional rights of confrontation, of cross-examination, and of counsel are at stake."
Ex parte Lasley, 505 So.2d 1263, 1264 (Ala. 1987) (emphasis added in Lasley).
 "Alabama law has long held that not every instance of juror misconduct warrants reversal. Because a determination of which juror misconduct warrants a new trial is a highly subjective one, each instance must be decided on a case-by-case basis. For example, in Reed v. State, 547 So.2d 594 (Ala.Cr.App. 1988), this Court determined that the trial court committed reversible error in denying a motion for a new trial based on juror misconduct. In Reed, a juror conducted a home experiment to resolve a factual issue of the case, but did not share the results of his experiment with the rest of the jury until after the jury had rendered its verdict. The Alabama Supreme Court disagreed and reversed this Court's judgment, concluding that `[b]ecause the defendant in this case has failed to show that the experiment resulted in the introduction of facts that might have unlawfully influenced the verdict rendered, we find that the juror's action does not warrant a new trial.' Reed v. State, 547 So.2d 596, 598 (Ala. 1989). In addressing the issue of juror misconduct, the Supreme Court went on to note:
 "`A juror's conducting an experiment outside the presence of the court constitutes juror misconduct because it inherently results in the introduction of facts, whether consistent or inconsistent with the evidence already before the jury, that had not been subject to the rules of evidence or to cross-examination by either party. See Ex parte Lasley, 505 So.2d 1263, 1264 (Ala. 1987). However, not every instance of juror misconduct warrants a new trial. Id. Each case involving juror misconduct must be judged by its own peculiar facts, and the conduct, when found to be prejudicial, will require a reversal. Bell v. State, 227 Ala. 254, 256, 149 So. 687, 689 (1933).
 "`The test for determining whether juror misconduct is prejudicial to the defendant and, thus, warrants a new trial is whether the misconduct might have unlawfully influenced the verdict rendered. Ex parte Troha, 462 So.2d 963, 954 (Ala. 1984); Roan [v. State] 225 Ala. 428, 435, 143 So. 454, 460 (1932); Leith [v. State] 206 Ala. 439, 443, 90 So. 687, 690
(1921). Once the trial court investigates the misconduct and finds, based on competent evidence, the alleged prejudice to be lacking, this Court will not reverse. See Bascom v. State, 344 So.2d 218, 222
(Ala.Cr.App. 1977).'"
Knight v. State, 710 So.2d 511, 515-16 (Ala.Cr.App. 1997) (emphasis added in Knight).
In Minshew v. State, 594 So.2d 703, 716 (Ala.Cr.App. 1991), this Court stated:
 "`Juror misconduct will justify a new trial when it indicates bias or corruption, or when the misconduct affected the verdict, or when from the extraneous facts prejudice may be presumed as a matter of law.' Whitten v. Allstate Ins. Co., 447 So.2d 655, 658
(Ala. 1984). As a general rule, `[w]here extraneous material [is] introduced into the jury's deliberations, . . . actual prejudice [must] be shown to work a reversal of the verdict.' Nichols v. Seaboard Coastline Ry., 341 So.2d 671, 672 (Ala. 1976). However, it is a light burden placed upon the defendant to show prejudice based on misconduct which might have influenced the verdict. EX parte Troha, 462 So.2d 953, 954 (Ala. 1984)."
Numerous appellate decisions address juror misconduct. Essentially, all of the decisions *Page 826 
have expressed the same tenets of law regarding this issue. Some decisions have concluded that the juror misconduct was sufficiently prejudicial to warrant a reversal of the conviction. See Ex parte Potter, 661 So.2d 260, 262 (Ala. 1994) (juror's visit to the scene of the crime to view the width of the street in a criminally negligent homicide case might have affected the jury's verdict, despite testimony to the contrary); EX parteTroha, 462 So.2d 953 (Ala. 1984) (juror's communication with his minister brother requesting scripture references during deliberations in rape defendant's prosecution warranted reversal because the misconduct might have influenced the verdict). Others have not. See Ex parte Dawson, 710 So.2d 472 (Ala. 1997) (the Alabama Supreme Court, in reversing this Court's holding, stated that the extraneous information introduced by the juror's improper viewing of the crime scene was beneficial to the defense and, therefore, did not warrant the granting of a new trial); see also Knight v. State, supra (defendant failed to present any evidence to support his contention that he was prejudiced by a juror's independent experiment and the subsequent extraneous information because the investigation tended to bolster his theory of defense, rather than prejudice it); Reed v. State, supra.
Although the juror's actions in the present case constituted juror misconduct, this misconduct does not warrant reversal of the trial court's decision; the trial court investigated the misconduct and properly found that there was no prejudice to the appellant. Knight v. State, supra at 516, quoting Reed v. State,547 So.2d 696, 597 (Ala. 1989). The jurors in the present case all stated that they were basing their decision on the officers' testimony rather than any statements or allegations coming from the investigating juror. Therefore, because the appellant failed to show that the juror's conduct resulted in prejudice, the trial court's determination is due to be affirmed.
AFFIRMED.
LONG, P.J., and BROWN and BASCHAB, JJ., concur.
COBB, J., concurs specially with opinion.