HARWOOD, Justice.
In quashing the writ, we should not be understood as agreeing with what the Court of Criminal Appeals wrote regarding the proper standard to be applied in cases determining whether prejudice has occurred. See Roan v. State, 225 Ala. 428, 143 So. 454 (1932); Reed v. State, 547 So.2d 596 (Ala.1989); Union Mortg. Co. v. Barlow, 595 So.2d 1335 (Ala.), cert. denied, 506 U.S. 906, 113 S.Ct. 301, 121 L.Ed.2d 224 (1992); Ex parte Stewart, 659 So.2d 122 (Ala.1993); Campbell v. Williams, 638 So.2d 804 (Ala.1994); Dawson v. State, 710 So.2d 472 (Ala.1997); and Ex parte Apicella, 809 So.2d 865 (Ala.2001).
In addition, the facts of this case are distinguishable from the facts presented in Ex parte Pierce, [Ms. 1981270, September 1, 2000] — So.2d-(Ala.2000). Compare Ex parte Dobyne, 805 So.2d 763 (Ala.2001).
WRIT QUASHED.
HOUSTON, SEE, LYONS, BROWN, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
MOORE, C.J., concurs in the result.