Willie McNAIR, Petitioner,

v.

Donal CAMPBELL, Commissioner, Alabama Department of Corrections, Respondent.

Civil Action No. 1:98cv915–T.

United States District Court, M.D. Alabama, Southern Division.

April 29, 2004.

---

Cathleen I. Price, Randall S. Susskind, Equal Justice Initiative of Alabama, Montgomery, AL, for Plaintiff.

Beth Jackson Hughes, James Clayton Crenshaw, James Roy Houts, Michelle R. Stephens, Office of the Attorney General, Montgomery, AL, for Defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

In 1998, petitioner Willie McNair brought a petition under 28 U.S.C.A. § 2254 for a writ of habeas corpus challenging his conviction in Alabama state court for the capital murder of Ella Foy Riley. On March 12, 2004, this court entered an opinion and judgment granting in part and denying in part McNair's petition. *McNair v. Campbell,* 307 F.Supp.2d 1277 (M.D.Ala. 2004). Now before the court is McNair's motion to amend or alter that judgment. For the reasons that follow, McNair's motion will be denied.

Before moving to the substance of McNair's motion, a word about the court's jurisdiction to resolve this motion is warranted. As noted, this court entered a final judgment in this case on March 12, 2004. The State timely filed its notice of appeal on March 23, 2004. As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.,* 341 F.3d 1292, 1309 (11th Cir.2003)(quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)). However, on March 26, 2004, after the State had filed its notice of appeal, McNair timely filed the instant motion—pursuant to Fed.R.Civ.P. 59(e)—to alter or amend the judgment. The effect of McNair's Rule 59 motion is (1) to stay the notice of appeal until the motion is resolved and (2) to revive this court's jurisdiction. Fed. R.App. P. 4(a)(4)(B)(i); *accord* 20 Moore's Federal Practice § 303.32[2][c][ii] (2003) ("The filing of a timely motion under [Rule 50(b), 52(b), or 59] suspends the finality of the judgment and delays the effectiveness of a previously filed notice of appeal. The jurisdiction of the district court is revived without the necessity of a remand."). Thus, this court has jurisdiction to rule on McNair's motion to alter or amend its judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend

a judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir.1985). There are four basic grounds for granting a Rule 59(e) motion, however: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. Wright, Miller & Kane, *supra.*

## II. BACKGROUND

McNair was tried and convicted in state court in April 1991 for the capital offense of murder committed during the commission or attempt of a robbery in the first degree. During jury deliberations in the guilt phase of McNair's trial, jury foreperson Les Davis, a minister, brought a Christian Bible into the jury room, read scripture aloud, and lead the other jurors in prayer. Davis and at least some of the other jurors relied upon the Bible and prayer in their deliberations.

In his habeas petition, one of McNair's over 40–grounds for relief was that the presence in the jury room of the Bible—extraneous evidence not admitted into the record—denied him his federal constitutional rights. In its March 12 opinion, the court found that this claim was procedurally defaulted because, in his state-court proceedings, McNair did not raise a federal-law challenge to the jury's use of the Bible.[1] *McNair,* 307 F.Supp.2d at 1277, 1279. Rather, McNair challenged the legality of the jury's use of the Bible on state-law grounds. However, the court also found that the State waived its procedural default defense to this claim. *Id.*

Accordingly, the court went on to consider the merits of McNair's extraneous evidence claim. To do so, the court first had to decide which of the three substantive standards in 28 U.S.C.A. § 2254(d) to apply.[2] *Id.* The court found that, because McNair had not argued a federal-law violation in the state courts and because the state courts had never analyzed his claim under federal law, it was not appropriate to review his claim under the "unreasonable application of[ ] clearly established Federal law" standard in 28 U.S.C.A. § 2254(d)(1). *Id.* The court then concluded that, while it was a close issue, the state court's treatment of McNair's claim neither "was contrary to ... clearly established Federal law," 28 U.S.C.A. § 2254(d)(1), nor "resulted in a decision that was based on an unreasonable deter-

---

**1.** The court raised the issue of procedural default *sua sponte. McNair,* 307 F.Supp.2d at 1301 n. 32.

**2.** Section 2254(d) provides that, "An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

mination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). *McNair*, 307 F.Supp.2d at 1304.

Although this court did not apply the "unreasonable application" standard, it noted that "the state court's [decision] might have been an unreasonable application of federal law." *Id.* at 1304. The evidence was uncontradicted that foreperson Davis brought a Bible into the jury room, read aloud from it, led the other jurors in prayer, and relied on the Bible to reach his decision. Under federal law, a jury's exposure to such extrinsic evidence is presumptively prejudicial, and the government has a heavy burden to establish that the jury's contact with the extrinsic evidence was harmless. *Turner v. Louisiana*, 379 U.S. 466, 473, 85 S.Ct. 546, 549, 13 L.Ed.2d 424 (1965); *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). The State produced no evidence to rebut the presumption of prejudice, but the state court rejected McNair's claim nonetheless. This court concluded that the state court's reasoning—that McNair had not made a factual showing that the jury might have been unlawfully influenced—"altogether ignore[d] the presumption of prejudice that exists in federal law." *McNair*, 307 F.Supp.2d at 1304. Again, though, this court noted that "the state court did not apply federal law" and that "therefore the court [did] not focus on the reasonableness of the state court's application of federal law." *Id.*

## III. DISCUSSION

McNair now asks the court to alter or amend its judgment to find that his extraneous evidence claim was not procedurally defaulted. McNair argues that he cited to federal law in his state court briefs and thus exhausted his federal-law claim. He thus claims that this court's finding with respect to procedural default must be amended. Although he does not make this explicit, it is clear that McNair wants the court to do more than reconsider its conclusion regarding procedural default. Rather, he wants the court to alter or amend its decision not to apply the "unreasonable application of[ ] clearly established Federal law" standard and to grant him relief on his extraneous evidence claim. However, after a fresh review of the record, the court is satisfied with its conclusion on the procedural default issue. Furthermore, even if the court were to find that McNair met the requirements of the exhaustion rule, it would still not be appropriate to apply the "unreasonable application" standard. Accordingly, the court will deny McNair's motion.

### A.

A federal court cannot grant habeas relief to a state prisoner unless the prisoner has exhausted his state-court remedies. 28 U.S.C.A. § 2254(b)(1). This requirement "reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). To satisfy the exhaustion requirement, "the federal claim must be fairly presented to the state courts." *Id.* at 275, 92 S.Ct. at 512; *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). "[I]t is not sufficient merely that the federal habeas applicant has been through the state courts.... Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, ... a state prisoner [is required] to present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S. at 276, 92 S.Ct. at 512.

While these broad principles are relatively straightforward, the courts have not been consistent at articulating the minimum required of a habeas petitioner to exhaust his remedies. For example, there is disagreement among Eleventh Circuit opinions as to whether a petitioner "fairly presents" a federal claim in state court if he presents a similar claim under state law. *Compare Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir.1998) ("[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues. 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' ") (quoting *Anderson v. Harless,* 459 U.S. 4, 5–6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982)), *with Hutchins v. Wainwright,* 715 F.2d 512, 518–19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

 The Supreme Court recently wrote that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' " *Baldwin v. Reese,* —— U.S. ——, ——, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004). This language, while not part of the Court's holding, does provide an instructive and useful rule of thumb; however, this language must still be applied with common sense and in light of the purpose underlying the exhaustion requirement, "to afford the state courts a meaningful opportunity to consider allegations of legal error

without interference from the federal judiciary." *Vasquez v. Hillery,* 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986). Overall context still matters. References to federal law would not "afford the state courts a meaningful opportunity" to consider federal claims if the references in the state proceedings amounted to nothing more, in real and practical terms, than the proverbial needle in a haystack. For example, it would probably not be sufficient to cite to a federal case hidden among a string of state cases or to cite to a federal decision but not for a principle of federal law.

 Rather, what is clear is that this court's analysis should focus on the totality of the circumstances, that is, on the overall substance and context of McNair's arguments to the Alabama state courts. *Watson v. Dugger,* 945 F.2d 367, 372 (11th Cir.1991); *Cummings v. Dugger,* 862 F.2d 1504, 1507 (11th Cir.1989). A review of all of McNair's relevant state-court briefs reveals that, in his substantive arguments, he relied exclusively on Alabama state law in arguing that the jury's use of the Bible was unconstitutional. His few references to federal constitutional law were insubstantial and thus did not "fairly present" the federal issue to the state courts.

McNair's opening brief to the Alabama Court of Criminal Appeals relied almost exclusively on Alabama, and not federal, law. The section of McNair's brief in which he discusses his extraneous evidence claim is captioned: "MR. MCNAIR'S JURY IMPROPERLY CONSIDERED AND RELIED ON EXTRANEOUS EVIDENCE DURING ITS GUILT PHASE DELIBERATIONS IN VIOLATION OF *ALABAMA LAW.*"[3] The opening paragraph of this section of the brief reads as follows:

---

3. Brief of Appellant, at 1 (emphasis added).

"This court must reverse Mr. McNair's conviction because a juror improperly considered extraneous evidence during the guilty phase deliberations of his capital trial. A juror on Mr. McNair's jury brought a Bible into the deliberation room, consulted the Bible, read passages from Bible out loud, and urged the jury to determine Mr. McNair's guilt based on Biblical passages. Such consideration of extraneous evidence violates *Alabama law* and requires this Court to grant Mr. McNair a new trial. *Ex parte Troha*, 462 So.2d 953 (Ala.1984)."[4]

Of the three pages devoted to legal argument, one-and-a-half pages are devoted to a comparison of *Ex parte Troha* and a half-page is devoted to a long quotation from *Ex parte Lasley*, 505 So.2d 1263 (Ala. 1987), another Alabama extraneous-evidence case.

There are but two references to federal law in McNair's opening brief. In the next-to-last paragraph, in a long string of citations—mostly to decisions of other states' courts—he cited *Jones v. Kemp*, 706 F.Supp. 1534 (N.D.Ga.1989), for the proposition that "it is universally recognized that jurors may not consider extraneous evidence during their deliberations and courts have consistently and repeatedly reversed convictions where such consideration has occurred."[5] Then, in the last paragraph, McNair concluded that "[t]he use of such extraneous evidence violates

Mr. McNair's right to confront evidence against him, his right to an impartial jury, his right to counsel and his rights to due process and a fair trial protected by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, the Alabama Constitution and Alabama law."[6]

In his briefs to the Alabama Supreme Court, McNair similarly relied almost exclusively on Alabama law. Indeed, the thrust of his appeal to the Alabama Supreme Court was that the Court of Criminal Appeals had failed to apply properly the standard laid out in *Roan v. State*, 225 Ala. 428, 143 So. 454 (Ala.1932), *Ex parte Troha*, and *Ex parte Lasley*.[7] McNair did not cite federal law once in his eight-page petition to the Alabama Supreme Court for writ of certiorari. Furthermore, in the eight pages devoted to his extraneous-evidence claim in his brief in support of his petition, the only references to federal law are taken verbatim from his brief before the Court of Criminal Appeals: a citation to *Jones v. Kemp* as an example of a decision reversing a conviction because of the jury's consideration of extraneous evidence[8] and the statement that his rights "protected by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, the Alabama Constitution and Alabama law" were violated.[9]

▮▮▮ This court cannot say that, with these needle-in-a-haystack references to

---

**4.** *Id.* (emphasis added).

**5.** *Id.* at 5.

**6.** *Id.* at 6. McNair's reply brief and his application for rehearing in the Court of Criminal Appeals relied exclusively on state law. In his reply brief, the only reference to federal law was a quote from *Jones v. Kemp* to the effect that the Bible is an authoritative religious document different in kind from other books. Appellant's Reply Brief, at 6 n. 2. In his application for rehearing, the only case

McNair cited was *Ex parte Troha*, and his only reference to federal law was the concluding statement that "[t]he jury's consideration of extraneous evidence violated [his] rights under both state and federal law." Application for Rehearing, at 11.

**7.** Petition for Writ of Certiorari, etc., at 2–7.

**8.** Brief in Support of Petition for Writ of Certiorari, at 5.

**9.** *Id.* at 8.

federal law, McNair has "fairly presented"—and thus exhausted—his federal-law claim in state court. Over the course of five briefs, he cited to only one federal case, *Jones v. Kemp*, and did so only as one example among many of a decision reversing a conviction because of a jury's consideration of extraneous evidence. He never cited to *Turner v. Louisiana* or to *Remmer v. United States*, nor to any other United States Supreme Court case on extraneous evidence. Finally, he never mentioned, much less argued, the presumptive-prejudice standard under federal law. On these facts, the court cannot conclude that the Alabama state courts were given "a meaningful opportunity to consider" McNair's allegation of a federal constitutional violation.[10] *Vasquez*, 474 U.S. at 257, 106 S.Ct. at 620. Accordingly, McNair's motion to alter or amend the judgment will be denied.

**B.**

■ The court emphasizes the limited significance of its original decision that McNair failed to exhaust his federal claim. Because the State waived its defense of procedural default, McNair's failure to exhaust did not cost him a review on the merits. Indeed, the court evaluated the merits of McNair's claim in great detail. The only implication of the court's conclusion that he failed to exhaust his federal claim was that the court declined to apply the "unreasonable application of[ ] established Federal law" standard in 28 U.S.C.A. § 2254(d)(1). It simply does not make sense to the court to analyze whether the Alabama state courts reasonably applied federal law when (1) they were never presented with the substance of federal law and (2) they quite evidently did not apply federal law at all. Even if the court were satisfied that McNair met the technical requirements of the exhaustion rule, it would still not make sense to apply the "unreasonable application" standard given that McNair neither mentioned nor argued the federal-law standard to any Alabama court. In other words, even if the court amended or altered its finding of procedural default, it would conduct its evaluation of the merits using the same standards and would thus reach the same result.

**IV. CONCLUSION**

For the above reasons, it is ORDERED that petitioner Willie McNair's motion to

---

10. McNair's most substantive citation to federal law was in his second amended Rule 32 petition, filed in the state trial court. The entirety of his argument went as follows:

"Mr. McNair was deprived of his constitutional right to be tried by an impartial jury, his right to strike a petit jury from a panel of qualified, fair-minded and impartial prospective jurors, his right to have questions answered truthfully by prospective jurors to enable his counsel to exercise their discretion wisely in exercising their preemptory strikes, his right to confront evidence against him, and his right to a fair trial because jurors improperly considered extraneous evidence and relied on outside sources and materials in reaching a decision in violation of state and federal law. *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); *Jones v.*

*Kemp*, 706 F.Supp. 1534 (N.D.Ga.1989); *Ex parte Troha*, 462 So.2d 953 (Ala.1984); *McCray v. State*, 565 So.2d 673 (Ala.Cr.App. 1990). The juror misconduct in this case violated Mr. McNair's rights protected by the the [sic] Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, the Alabama Constitution and Alabama law."

Second Amended Rule 32 Petition, at 27–28. However, *Caldwell* is not a case about extraneous evidence, so, again, the only federal case cited is *Jones v. Kemp*. Moreover, to exhaust his federal-law claim, McNair had to raise it before Alabama's highest court. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir.2003). Thus, even if McNair's trial-court brief "fairly presented" the federal claim, his subsequent near-total reliance on Alabama law would still amount to procedural default.

alter or amend judgment, filed on March 26, 2004 (doc. no. 113), is denied.

DONE, this the 29th day of April, 2004.