MAIN, Judge,
dissenting.
I respectfully dissent from the main opinion reversing the trial court’s order denying Towanda Taite’s motion for a new trial.
Initially, I believe that attacking a jury’s verdict with a juror’s comment impermissi-bly leads to public investigation of what was intended to be private deliberation, to the destruction of all frankness and freedom of discussion and conference and that such attacks should be limited. As Justice O’Conner observed, writing for the majority, in Tanner v. United States, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987):
“There is little doubt that postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. It is not at all clear, however, that the jury system could survive such efforts to perfect it. Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time ... after the verdict, seriously disrupt the finality of the process. Moreover, full and frank discussion in the jury room, jurors’ willingness to return an unpopular verdict, and the community’s trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct.”
483 U.S. at 120-21, 107 S.Ct. 2739 (citations omitted).
In the history of our jurisprudence, jurors have been laypeople who bring their common sense, knowledge, experience, and education to the judicial system. Similarly, in this case, the trial court instructed the jury as follows: “In considering the evidence in this case and reaching your verdict, you have the right to use your knowledge of men and affairs and common sense.” (R. 196.) Likewise, the Alabama Pattern Jury Instructions and caselaw guide that “ ‘ “juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances.” ’ ” Ashurst v. State, 462 So.2d 999, 1006 (Ala.Crim.App.1984), quoting German v. State, 429 So.2d 1138, 1143 (Ala.Crim.App.1982), quoting in turn Thompson v. State, 21 Ala.App. 498, 499, 109 So. 557, 557 (1926). Cf. Alabama Pattern Jury Instructions: Civil 1.07 (2d ed.1993) (“You may take into consideration any matter which you would in your everyday affairs, in passing upon the truthfulness ... of the testimony. Weigh the testimony in the light of your common observation and experience....”). See also Harris v. State, 2 So.3d 880, 914 (Ala.Crim.App.2007) (stating that a trial court has broad discretion in formulating its instructions and finding no error where trial court followed accepted pattern jury instruction). The jurors’ mission is to apply the facts of the case as they determine them to the law as given to them by the trial court through the jury instructions. In their deliberations, each juror is encouraged by the trial court to engage in full and frank discussion. In my opinion, allowing a juror to apply his or her community knowledge, everyday experience, and education to this process is to be preserved and protected. There is a distinction between the injection into the deliberative process of the jurors’ community and personal knowledge and juror misconduct. I do not find that the juror’s comment in this case was shown to be impermissible. Moreover, even if juror misconduct did exist, the misconduct does not necessarily warrant a reversal.
*14 “Alabama law has long held that not every instance of juror misconduct warrants reversal. Because a determination of which juror misconduct warrants a new trial is a highly subjective one, each instance must be decided on a case-by-case basis.” Knight v. State, 710 So.2d 511, 515-16 (Ala.Crim.App.1997). Ordinarily, a jury’s verdict will not be upset on the basis of a juror’s post-trial report of events in the course of deliberations; however, the general rule is subject to an exception for extraneous information that might have improperly influenced the verdict, “ ‘when found’ to be prejudicial.’” Knight, 710 So.2d at 516, quoting Reed v. State, 547 So.2d 596, 597 (Ala.1989), citing in turn Bell v. State, 227 Ala. 254, 256, 149 So. 687, 689 (1933).
Rule 606(b), Ala.R.Evid., recognizes the important “distinction, under Alabama law, between ‘extraneous facts,’ the consideration of which by a jury or jurors may be sufficient to impeach a verdict, and the ‘debates and discussions of the jury,’ which are protected from inquiry.” Sharrief v. Gerlach, 798 So.2d 646, 652 (Ala.2001).
Rule 606(b), Ala.R.Evid., provides, in pertinent part:
“Upon an inquiry into the validity of a verdict or indictment, a juror may not testify in impeachment of the verdict or indictment as to any matter or statement occurring during the course of the jury’s deliberations or to the effect of anything upon that or any other juror’s mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror’s mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury’s attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror’s affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.”
This rule is substantially similar to Rule 606(b), Fed.R.Evid.
In Bethea v. Springhill Memorial Hospital, 833 So.2d 1 (Ala.2002), the Alabama Supreme Court held:
“[I]n order for information to come within the extraneous-information exception to Rule 606(b), the information must come to the jurors from some external authority or through some process outside the scope of the trial, either (1) during the trial or the jury’s deliberations or (2) before the trial but for the purpose of influencing the particular trial.”
833 So.2d at 8. The Court further noted that such information is typically limited “ ‘ “to the visitation of a crime scene by a juror, the introduction of the definition of legal terms in the jury room, and the reading of concepts from general reference books.” ’ ” Bethea, 833 So.2d at 7, quoting Lance, Inc. v. Ramanauskas, 731 So.2d 1204, 1214 (Ala.1999).[3]
Upon a showing that complained-of material comes within the extraneous-information exception, a party must show prejudice resulting from the juror misconduct.
“[Jjuror misconduct involving the introduction of extraneous materials warrants a new trial when one of two requirements is met: 1) the jury verdict is shown to have been actually prejudiced by the extraneous material; or 2) the extraneous material is of such a nature as to constitute prejudice as a matter of law.”
*15 Ex parte Apicella, 809 So.2d 865, 870 (Ala.2001) (citing Knight v. State, 710 So.2d at 517) (verdict upheld where juror had discussion about law of complicity with an attorney he knew, but did not reveal the conversation to other jurors).
“As a general rule, ‘[wjhere extraneous material [is] introduced into the jury’s deliberations, ... actual prejudice [must] be shown to work a reversal of the verdict.’ Nichols v. Seaboard Coastline Ry., 341 So.2d 671, 672 (Ala.1976). However, in some cases, ‘the character and nature of the extraneous material ... constitutes prejudice as a matter of law and no showing that the jury was in fact influenced thereby in arriving at their verdict is necessary.’ Id. (prejudice presumed as a matter of law from jury’s consulting encyclopedia and dictionary definitions of ‘negligence,’ ‘contributory negligence,’ ‘subsequent negligence,’ and ‘subsequent contributory negligence’).”
Minshew v. State, 594 So.2d 708, 716 (Ala.Crim.App.1991). See also Ex parte Arthur, 885 So.2d 981, 983 (Ala.2002) (“Extraneous facts introduced in jury deliberations can result in actual prejudice or in prejudice as a matter of law, also called presumed prejudice.”).
It is well settled that a ruling on a motion for a new trial rests within the sound discretion of the trial court. E.g., Bethea, supra. “ ‘The ruling of the trial judge denying the motion for new trial will not be disturbed in the absence of a showing of abuse of discretion, and this Court will indulge every presumption in favor of the correctness of his ruling.’ ” Reynolds v. City of Birmingham, 723 So.2d 822, 824 (Ala.Crim.App.1998), quoting Hall v. State, 348 So.2d 870, 875 (Ala.Crim.App.1977). “At a hearing on a motion for a new trial, the defendant has the burden of proving the allegations of his motion to the satisfaction of the trial court.” Miles v. State, 624 So.2d 700, 703 (Ala.Crim.App.1993) (citing Anderson v. State, 46 Ala.App. 546, 547, 245 So.2d 832, 833 (1971), and Jones v. State, 31 Ala.App. 504, 507, 19 So.2d 81, 84 (1944)). We will not reverse the trial court’s finding of “no prejudice” if the trial court properly investigates the alleged misconduct and its finding is in accord with competent evidence. Baker v. State, 574 So.2d 1018, 1019 (Ala.Crim.App.1990). See Reed v. State, 547 So.2d at 597. “Once the trial court investigates the misconduct and finds, based on competent evidence, the alleged prejudice to be lacking, this Court will not reverse.” Reed, 547 So.2d at 597 (citing Bascom v. State, 344 So.2d 218, 222 (Ala.Crim.App.1977)). See Dawson v. State, 710 So.2d 472, 475 (Ala.1997); Knight, 710 So.2d at 517. Thus, a defendant seeking a new trial on the basis of juror misconduct has the burden of proving that a juror or jurors did in fact commit the alleged misconduct and that the defendant was prejudiced by that misconduct.
Limited to the facts of this case, I believe it cannot be held that the trial court abused its discretion in denying the motion for a new trial. In this case, the overwhelming majority of the jurors who testified or submitted affidavits indicated that the comment from a fellow juror during deliberations that Taite had a prior conviction did not impact their vote in any way. As for the three jurors relied upon by the main opinion to reverse the trial court’s order, only Juror S.A. indicated at the hearing that the comment had an impact on her verdict; however, in her affidavit, S.A. stated that the foreman had indicated that they had to return identical verdicts for both defendants, i.e., that it could not convict one and acquit the other. Thus, I believe that the trial court properly exercised its discretion to resolve credibility choices and found that these jurors’ ver- *16 diet was impacted by factors other than the comment, and thus that there was no prejudice. I do not believe that the record before this Court or the arguments advanced by Taite support the conclusion that the trial court abused its considerable discretion in resolving those choices adversely to the appellant. There is simply not sufficient evidence to support the conclusion in the main opinion that there was prejudice on the part of the jurors in reaching their verdict. Therefore, I do not think the trial court committed error by denying the motion for a new trial. I would affirm. Therefore, I must dissent.

. I recognize that this list is not all-inclusive.